RENDERED: OCTOBER 1, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0899-MR

TRENDON GORMAN　　　　　　　　　　　　　　　APPELLANT

　　　　　　　APPEAL FROM MCCRACKEN CIRCUIT COURT
v.　　　　　HONORABLE TIMOTHY KALTENBACH, JUDGE
　　　　　　　ACTION NO. 16-CR-00631

COMMONWEALTH OF KENTUCKY　　　　　　　　　　APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; TAYLOR AND L. THOMPSON,
JUDGES.

THOMPSON, L., JUDGE: Trendon Gorman ("Appellant") appeals from an order
of the McCracken Circuit Court denying his motion to vacate a judgment pursuant
to Kentucky Rules of Criminal Procedure ("RCr") 11.42. He argues that he
received ineffective assistance of counsel when his trial attorney gave him
incorrect advice regarding his sentence, parole eligibility, and the defenses he was

waiving. In addition, he argues his trial counsel was ineffective when counsel failed to investigate the victim's recantation and failed to have his competency evaluated. Appellant also argues that he was improperly denied an evidentiary hearing. For the reasons addressed below, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

On October 31, 2016, Appellant was charged with two counts of sodomy in the first degree.[1] The charges arose from an allegation that Appellant had sexual contact with a ten-year-old boy on October 5 and October 6, 2016. Appellant was seventeen years old at the time of the offenses and was certified as a youthful offender.

On January 30, 2017, Appellant entered a guilty plea to both amended charges of first degree sexual abuse, victim under twelve[2] in exchange for the Commonwealth's recommended sentence of eight years in prison on each count to be run concurrently. Appellant participated in the guilty plea colloquy acknowledging that he understood the charges, was not coerced into pleading guilty, and was happy with his lawyer's representation. Appellant also acknowledged that pursuant to the plea agreement, he would be subject to a five-

---

[1] Kentucky Revised Statutes ("KRS") 510.070.

[2] KRS 510.110.

year conditional discharge, would be required to register as a sex offender for life, and would be required to complete the sex offender treatment program. As part of the plea, Appellant waived his right under the uniform juvenile code to be sentenced as a juvenile. On May 5, 2017, Appellant was sentenced to eight years in prison as recommended by the Commonwealth.

Appellant, *pro se*, then moved to vacate his sentence pursuant to RCr 11.42. He argued that he should not be required to register as a sex offender under Kentucky Revised Statute ("KRS") 17.500(5) as required by the plea agreement because he was a juvenile when he committed the offenses. He also argued that his trial counsel incorrectly told him that he would be paroled after serving twenty percent of his sentence, and that counsel was ineffective in failing to investigate a reported recantation by the victim. Lastly, Appellant argued that his counsel was ineffective in failing to request a competency examination. The matter proceeded in McCracken Circuit Court, resulting in an order denying the motion entered on June 19, 2020. This appeal followed.

## ARGUMENTS AND ANALYSIS

Appellant, though counsel, now argues that the circuit court committed reversible error in failing to conclude that his trial counsel gave him incorrect advice regarding his sentence, parole eligibility, and the requirement that he complete the sex offender treatment program. Appellant asserts that his counsel

gave ineffective assistance in advising Appellant that he would be required to serve only twenty percent of his eight-year sentence and failed to advise him of the defenses he was waiving. Specifically, Appellant asserts that during his juvenile transfer hearing, his trial counsel asked no significant questions of the Commonwealth's witnesses, presented no evidence, and made no arguments to keep Appellant's case in the juvenile system. Appellant also contends that his counsel improperly failed to investigate the victim's recantation and was ineffective in failing to request a competency evaluation. Finally, Appellant argues that the circuit court erred in denying him an evidentiary hearing on the RCr 11.42 motion. He requests an opinion vacating his conviction or remanding the matter for an evidentiary hearing.

To prevail on a claim of ineffective assistance of counsel, Appellant must show two things:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id*.

> An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.

*Id*. at 691-92, 104 S. Ct. at 2066-67 (citation omitted). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693, 104 S. Ct. at 2067. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694, 104 S. Ct. at 2068. Additionally, "a hearing is required only if there is an issue of fact which cannot be determined on the face of the record." *Stanford v. Commonwealth*, 854 S.W.2d 742, 743-44 (Ky. 1993).

As for Appellant's claim that he would have rejected the plea offer and gone to trial but for the advice that counsel gave him on sentencing, parole eligibility, and his juvenile status, he must allege facts that if true would

-5-

demonstrate that the decision to reject the plea would have been rational. *Stiger v. Commonwealth*, 381 S.W.3d 230, 237 (Ky. 2012). In addressing this issue, the McCracken Circuit Court determined that the rejection of the plea offer based on counsel's sentencing, parole eligibility, and juvenile status advice would not have been rational. Prior to the plea offer, Appellant was faced with the prospect of life in prison with a minimum parole eligibility of twenty years. With the plea, Appellant received eight years in prison with a minimum parole eligibility of twenty percent. We find no error in the circuit court's conclusion that Appellant would not have rationally rejected the plea offer and gone to trial but for counsel's purportedly deficient advice. Rather, Appellant chose the rational option by avoiding the risk of a decades-long prison sentence. In addition, Appellant expressly acknowledged as part of the guilty plea colloquy that by accepting the plea, he understood that he would be a registered sex offender for life and would have to complete the sex offender treatment program. We find no error.

As to Appellant's assertion that counsel improperly failed to investigate the victim's recantation, we also find no error. The victim originally told his grandmother that Appellant made him perform a sex act. According to a McCracken County Sheriff's report, the victim subsequently told his grandmother that he was only joking about the allegation after she told him he could no longer go to Appellant's house to play video games. Appellant argues that his trial

counsel should have investigated this matter more thoroughly, and that such an investigation might have resulted in a different outcome.

Trial counsel has a duty to conduct a reasonable investigation of the law and the facts. *Commonwealth v. Rank*, 494 S.W.3d 476, 485 (Ky. 2016). But as noted by the circuit court, vague claims of an improper failure to investigate are insufficient to warrant an evidentiary hearing and justify summary dismissal of the RCr 11.42 proceeding.

Appellant has acknowledged that his trial counsel was aware of the purported recantation months before Appellant chose to plead guilty. He does not allege what a further investigation would have accomplished. Again, had he rejected the plea offer to pursue what he characterizes as the victim's recantation, Appellant would have risked a jury trial, a guilty verdict, and a much longer term of imprisonment. A mere conclusory claim that the outcome of the proceeding would have been different but for the alleged error, taken alone, is not sufficient to support a finding of ineffective assistance. *Stiger*, 381 S.W.3d at 237. We find no error.

Appellant next argues that he received ineffective assistance when his trial counsel failed to have him evaluated to determine his competency. He directs our attention to the "Referral to County Attorney" form found at page 11 of the record, which indicates that Appellant received a score of eight on the "GAIN-SS"

mental health screening.  The notation on the form states that a score of six or higher indicates that the individual "needs assessment for further counseling/treatment."  Appellant also asserts that he is bipolar and has attention deficit hyperactivity disorder ("ADHD").  He argues that these facts should have signaled to his trial counsel that he may not be competent to understand the legal proceedings or to make informed decisions.  Appellant cites case law and statutory law for the requirement that the proceedings shall be stayed for a determination of competency if there are reasonable grounds to believe that the defendant lacks the capacity to appreciate the nature and consequences of the proceeding and/or to participate in his defense.  Appellant asserts that such grounds existed prior to his acceptance of the plea agreement and that trial counsel did not provide effective assistance in failing to seek a competency hearing.

> [A] defendant is competent if he can consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him. . . . [A] competent defendant can make a reasoned choice among the alternatives available to him when confronted with such crucial questions as whether he should testify, waive a jury trial, cross-examine witnesses, put on a defense, etc.

*Commonweath v. Wooten*, 269 S.W.3d 857, 864 (Ky. 2008) (internal quotation marks and citation omitted).  The question before us, then, is not whether Appellant's GAIN-SS score, bipolar illness, and ADHD entitle him to a

competency hearing, but whether he has a reasonable degree of understanding of the proceedings and can make reasoned choices among the alternatives available to him. *Id*. When questioned during the guilty plea hearing, Appellant's trial counsel stated that he spoke with Appellant for about four hours and Appellant "very intelligently went over all his evidence, showed very good reasoning, and he understands it." Appellant, when questioned, stated that he had no problems understanding what was happening at the hearing. In addition, the circuit court noted that Appellant readily pleaded guilty, was very satisfied with counsel's representation, and that there was no evidence that Appellant was coerced or failed to understand the consequences of his plea.

We have no basis for concluding that Appellant's trial counsel failed to provide competent representation in not seeking a competency hearing. Further, Appellant has not shown that the failure to question his competency prejudiced the proceedings against him. Appellant failed to prove the elements of *Strickland*, *supra*, and we find no error.

Lastly, Appellant argues that the circuit court committed reversible error in failing to conduct an evidentiary hearing. An evidentiary hearing is required on an RCr 11.42 motion when there is a material issue of fact which cannot be conclusively proved or disproved by an examination of the record. *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001). Appellant does not

reveal with specificity, however, which issue of material fact requires more than reference to the record. Rather, he points in general terms to "various instances of ineffective assistance of counsel" which he asserts require a hearing. We find no error in the McCracken Circuit Court's conclusion that the issues before it were justiciable by reference to the record and without an evidentiary hearing.

## CONCLUSION

Appellant did not demonstrate that his trial counsel made errors so serious that he was not functioning as the "counsel" guaranteed to Appellant by the Sixth Amendment. Further, Appellant failed to show the deficient performance prejudiced the defense, *i.e.*, that counsel's errors were so serious as to deprive him of a fair proceeding. Finally, all issues of material fact could be proved or disproved by reference to the record; therefore, Appellant was not entitled to an evidentiary hearing. For these reasons, we affirm the order of the McCracken Circuit Court denying Appellant's motion for RCr 11.42 relief from judgment.

ALL CONCUR.

BRIEFS FOR APPELLANT:

J. Ryan Chailland
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky